**ANN E. ARIANO, ESQUIRE**
**6121 CHATHAM COURT**
**Harrisburg, PA  17111**
**(717) 564-6955**
**Fax:(717) 564-5411**
**arianolaw@pa.net**
**Supreme Court identification number  PA-65178**
===========================================================

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**UNITED STATES OF AMERICA,  :CRIMINAL NO. 1:CR-16-163**
                              :
                              :
                              :     **(JUDGE KANE)**
          **v.**                  :
                              :
**ALSHAQAH TARIQ POWELL**     :
                              :      **JURY TRIAL DEMANDED**
                              :
          **Defendant**

### DEFENDANT'S MOTION FOR SUPPRESSION HEARING
### AND TO SUPPRESS PHYSICAL EVIDENCE


AND  NOW,  this  21st  DAY  OF  JANUARY  2017,  comes  the   Defendant,

Alshaqah Tariq Powell   by  and  through  his  attorney,  Ann E. Ariano,  Esquire  and

respectfully  moves  this  Honorable  Court  suppress  certain  evidence  and  in  support

thereof, states the following:

### FACTUAL HISTORY

1. On November 3, 2015 at approximately 10am, Mr. Powell was pulled over by

Pennsylvania State Police Trooper David Long.  ("Trooper Long") after he allegedly

observed Mr. Powell wearing headphones in violation of  75 Pa.C.S.A. Sec. 3314 and

driving below the posted speed limit in a vehicle with temporary NJ registration and tinted window screening. *See* Transcript of Preliminary Hearing from Pennsylvania state proceedings attached hereto as Exhibit "A", (N.T. p. 4-5).

2. Trooper Long initiated a traffic stop at a wide shoulder and approached the passenger side of the vehicle where he informed the defendant of the reason for the stop. (N.T. p. 5).

3. Mr. Powell advised the Trooper that he was talking on his Bluetooth. (N.T. p. 5).

4. Trooper Long asked Mr. Powell if he was the owner of the vehicle to which Mr. Powell responded that it belonged to a friend. (N.T. p. 6). Trooper Long asked Mr. Powell for his driver's license. Mr. Powell produced a North Carolina identification card and admitted that he did not have a driver's license. (N.T. p. 6).

5. Trooper Long then proceeded to question Mr. Powell about his travel plans to which Powell responded that he was on his way to meet a friend for lunch. (N.T. p. 6).

6. The Trooper ran a background check on Mr. Powell and learned that he was not a wanted person. After running the check Trooper Long  prepared a written warning for Mr. Powell but also radioed for his partner to come to the scene and called for a K9 Unit.  (N.T. p. 7).

7. Trooper Long  re-engaged Powell in conversation concerning his destination and asked him to step out of the vehicle and informed him that he wanted to search the vehicle.  (N.T. p. 7) Trooper Long testified that Mr. Powell consented to the search.

(N.T. p. 7).

8. Trooper Long and his partner conducted a search of the vehicle which revealed the physical evidence at issue. (N.T. p. 7).

9. During the preliminary hearing Trooper Long testified that he could only see the driver's left ear when he made the decision to pull him over. He further testified that it is not illegal in PA to have a headphone in one ear while driving. (N.T. p. 11-12).

## MOTION TO SUPPRESS

10. Paragraphs 1 through 9 are incorporated herein by reference as if fully set forth herein.

11. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." *United States v. Whren*, 517 U.S. 806,809 (1996).

12. Evidence obtained from an illegal seizure is subject to suppression under the fruit of the poisonous tree doctrine. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9.L.Ed.2d 441 (1963).

13" Even though voluntarily given, consent does not remove the taint of an illegal detention if it is the product of that detention is not an independent act of free will." *United States v. Chavez-Vilarreal*, 3 F.3d 124, 127-28 (5th Cir.1993).

**A. The Trooper lacked sufficient probable cause to effectuate a traffic stop.**

14. Trooper Long lacked sufficient probable cause to effectuate a traffic stop for

suspicion of a violation of PA Vehicle Code Section 3314.

15. The particular facts of a case must be taken into account and judged by an objective standard-whether a prudent person would have the requisite belief that wrongful conduct was occurring after looking at "the totality of the circumstances."

16. In this case Trooper Long did not demonstrate sufficient knowledge of the facts and circumstances within his purview at the time of the stop,  or any reasonably trustworthy information in his possession at the time to warrant a prudent person in believing the stop was justified.

17. Trooper Long testified that he was in the median looking straight ahead when  Mr. Powell's vehicle passed him. (N.T. p. 11). The trooper was only able to see the driver's left ear as  he passed him. (N.T. p. 11).

18. Trooper Long admitted that as he made the determination for the basis of the stop he could not see the driver's right ear. (N.T. p. 11).

19. Accordingly, the facts lead one to conclude that Trooper Long did not have probable cause to believe the vehicle and the driver within it violated 75 P.A.C.S. Section 3314 and as such all after acquired evidence should be suppressed.

**B**. **The length and nature of the traffic stop and the ensuing prolonged detention was unreasonable and resulted in an unconstitutional seizure.**

20. The length and nature of the vehicle stop and the ensuing prolonged detention of Mr. Powell was unreasonable.

21. The United States Supreme Court has stated a seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission. *Illinois v. Cabelles*, 543 U.S. 405, 125 S.Ct. 843, 160 L.Ed.2d 842 (2005).

22. The "court must look to whether the traffic stop somehow evolved into an unlawful seizure by lasting unreasonably longer than the time needed to complete the traffic stop." *United States v. Walker*, 719 F.Supp. 2d 586, 581 (W.D. PA 2010) (*citing Cabelles*).

23. In the instant case Trooper Long told Mr. Powell that he was not going to issue a citation for a violation of 75 Pa.C.S.A. Section 3314.

24. The traffic stop should have ended shortly after Trooper Long ran the standard background check on Mr. Powell and he should not have further detained Mr. Powell.

25. The amount of time that Mr. Powell was detained is disproportionate to the amount of time required to complete a traffic stop for a violation of the vehicle code.

26. Thus, the detention was unreasonably long for purposes of issuing a warning or citation and amounted to an unconstitutional seizure of Mr. Powell.

WHEREFORE, Defendant Powell, respectfully requests that this Honorable Court grant his Motion to Suppress the physical evidence.

**C. There was no reasonable suspicion sufficient to warrant an investigative detention.**

27. It is clear that a brief detention following a consensual encounter may be reasonable under the Fourth Amendment provided it is supported by articulable, reasonable suspicion. *Terry v. Ohio*, 393 U.S. 1, 21 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

28. An investigative detention must be based on more than a "hunch." *Johnson v. Cambell*, 332 F.3d 199, 206 (3rd Cir. 2003).

29. Here, the only factors which Trooper Long listed as suspicious were the fact that Mr. Powell was not the owner of the vehicle and seemed, in the officer's opinion, to be unsure of his destination.

30. Further, during a routine check, it was discovered that Mr. Powell had no outstanding warrants.

31. Thus, Trooper Long had no articulable reasonable suspicion to instigate an investigative Terry stop.

WHEREFORE, Defendant Powell, respectfully requests that this Honorable court grant his Motion to Suppress the physical evidence.

**D.  Mr. Powell's consent to the search of his vehicle was not voluntary in light of his continued detention.**

32. Evidence obtained by the police must be suppressed as a "fruit of the poisonous tree" where said evidence was obtained pursuant to an earlier Fourth Amendment violation. *Wong Sun v. United States,* 371 U.S. 471 (1963).

33.  Mr. Powell's alleged consent to the search of the vehicle came only after he

was detained illegally and beyond the scope of the traffic stop itself. As in *Wong Sun,* Mr. Powell's statements were the direct product of his illegal detention.

34. Additionally, the facts and circumstances of his detention and subsequent consent demonstrate that his consent could not have been an independent act of free will.

WHEREFORE, Defendant Powell, respectfully requests that this Honorable court grant his Motion to Suppress the physical evidence.

RESPECTFULLY SUBMITTED,

/s/ ANN E. ARIANO
ANN E. ARIANO, ESQUIRE
6121 CHATHAM COURT
Harrisburg, PA  17111
(717) 564-6955  (Office)
(717) 564-5411 (Fax)
arianolaw@pa.net
ATTORNEY FOR  DEFENDANT

The Law Offices of ANN E. ARIANO
6121 CHATHAM COURT
Harrisburg, Pennsylvania  17111
Telephone (717) 564-6955 / FAX (717) 564-5411
Email: arianolaw@pa.net

    By:  ANN ARIANO, ESQUIRE
    Supreme Court identification number PA65178

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | **CRIMINAL NO. 1:CR-16-163** |
| | **:** | |
| | **:** | |
| | **:** | **(JUDGE KANE)** |
| **v.** | **:** | |
| | **:** | |
| **ALSHAQAH TARIQ POWELL** | **:** | |
| | **:** | **JURY TRIAL DEMANDED** |
| | **:** | |
| **Defendants** | | |

CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I hereby certify that on January 18, 2017, I contacted or attempted to contact Chelsea Schinnour, Esquire, the ASSISTANT UNITED STATES ATTORNEY assigned to this case and sought concurrence in Defendant's Suppression Motion in the above captioned case:

[] Concurrence was granted.

[x] Concurrence was not granted.

[] Concurrence or non-concurrence could not be obtained because opposing counsel was unavailable.  Additional attempts will be made to obtain concurrence of non-concurrence and a further certificate filed with the court as soon as possible. Opposing counsel is requested to call the undersigned upon receipt of this motion to advise of his/her position regarding concurrence or non-concurrence of this motion.

RESPECTFULLY SUBMITTED,

The Law Offices of Ann E. Ariano

By:  /s/ Ann E. Ariano
ANN ARIANO, ESQUIRE
Bar No. PA65178
ATTORNEY          FOR          DEFENDANT

THE LAW OFFICES OF ANN E. ARIANO
6121 CHATHAM COURT
Harrisburg, Pennsylvania  17111
Telephone (717) 564-6955
FAX (717) 564-5411
Email: arianolaw@pa.net

    By:  ANN ARIANO, ESQUIRE


CERTIFICATE OF SERVICE


    I hereby certify that on this date I served a true copy of the attached document

upon the person(s) named below via electronic filing.

    CHELSEA SCHINNOUR, ESQUIRE
    ASSISTANT UNITED STATES ATTORNEY
    MIDDLE DISTRICT OF PENNSYLVANIA



    RESPECTFULLY SUBMITTED,

    The Law Offices of ANN E. ARIANO

    By:  /s/ ANN E. ARIANO

    ANN E. ARIANO, ESQUIRE
    BAR No. PA- 65178
    6121 CHATHAM COURT
    Harrisburg, PA  17111
    (717) 564-6955  (OFFICE)
    (717) 564-5411 (FAX)
    arianolaw@pa.net
    ATTORNEY FOR POWELL